# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR J. ROCQUE, JR., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:18-cv-00256-JDL |
| | ) |
| ZETTY, LLC, a/k/a EDGECOMB | ) |
| BOAT WORKS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION TO AMEND PLEADINGS TO ADD COUNTERCLAIMS

Defendants Zetty, LLC, a/k/a Edgecomb Boat Works, and Mitch Garey (together, "Zetty") move to amend the pleadings to add counterclaims against Plaintiffs Arthur J. Rocque, Jr. and Carol S. Rocque (ECF No. 17). The Rocques sued Zetty for allegedly negligent work performed on their boat, which resulted in the boat sinking. Zetty seeks to add counterclaims for breach of contract, unjust enrichment, and quantum meruit, alleging that the Rocques failed to pay for the portion of Zetty's work that is not alleged to have caused the sinking, and that the Rocques have profited from Zetty's work by receiving an insurance payment for the boat's full market value, which incorporates the value of Zetty's work. The Rocques oppose the motion, arguing that the proposed amendment is based on information that has been known to Zetty all along. The deadline for Zetty to amend its pleading as a matter of course was October 15, 2018. ECF No. 8 at 2.

After the time has passed during which a party may amend a pleading as a matter of course, a party may amend its pleading with leave of the court, which

should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Zetty's counterclaims for unpaid invoices for parts and services are based, in large part, on documents created by Zetty and in Zetty's possession from the outset, and therefore should have been known to it at the time of its original answer. I conclude, however, that, on balance, it is more just to permit the requested amendment. There is no allegation of bad faith or dilatory conduct by Zetty, discovery is ongoing, and the Rocques will not suffer substantial prejudice if the amendment is permitted. Moreover, the federal rules of procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Cambridge Mut. Ins. Co. v. Patriot Mut. Ins. Co.*, 323 F. Supp. 2d 108, 110 (D. Me. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

For the foregoing reasons, the Defendants' Motion to Amend Pleadings to Add Counterclaims (ECF No. 17) is **GRANTED**.

**SO ORDERED.**

**Dated this 18th day of January, 2019.**

             /s/ JON D. LEVY
            **CHIEF U.S. DISTRICT JUDGE**