# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR J. ROCQUE, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:18-cv-00256-JDL |
| | ) |
| ZETTY, LLC, a/k/a EDGECOMB BOATWORKS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PENDING MOTIONS

In June 2020, shortly before the second anniversary of the filing of the Complaint in this matter, Plaintiffs Arthur and Carol Rocque (the "Rocques") filed a document captioned "Waiver of Jury" by which they sought to "waive their right to trial by jury" in this matter. ECF No. 83 at 1. Defendants Zetty, LLC—a/k/a Edgecomb Boat Works—and its managing member, Mitch Garey (collectively, "Zetty"), contest the Rocques' effort to unilaterally waive a jury trial and, thereby, deprive Zetty of the opportunity for a jury trial. Three motions filed by Zetty are now pending: its objection to the waiver of jury (ECF No. 84), its motion to amend its counterclaim (ECF No. 95), and its Rule 39(b) motion for a jury trial (ECF No. 96). The Rocques' motion to amend the pleadings (ECF No. 92) is also before this Court. For the reasons that follow, I deny the Rocques' motion to amend their pleadings, grant Zetty's objection to the waiver of jury trial, and deny Zetty's motion to amend and motion for jury trial as moot.

## I. BACKGROUND

This action began with the Rocques filing a complaint in June 2018 against Zetty, seeking damages associated with the sinking of the Rocques' vessel, the *M/V Against the Wind*. The complaint alleges that the *Against the Wind* sank at her mooring in Stonington, Maine two years earlier, following repairs to the vessel's shaft logs performed by Zetty. The Rocques contend that Zetty's failure to properly repair the shaft logs led the vessel to flood, which resulted in its sinking and total loss. In responding, Zetty made a counterclaim against the Rocques which alleged that the Rocques breached their maritime contract with Zetty by withholding payment for work that Zetty performed on the *Against the Wind* between October 2015 and June 2016. The counterclaim asserted jurisdiction based upon both 28 U.S.C. § 1332 and "admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333" and "within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." ECF No. 30 ¶ 1. On January 22, 2019, the Rocques filed a responsive pleading asserting counterclaims for punitive damages and strict liability against Zetty, as well as several crossclaims specifically against Garey.

The Rocques' complaint primarily asserts claims related to maritime breach of contract and states that it is brought pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. The complaint also contains an explicit demand for a jury trial on page ten: "ROCQUE DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY." ECF No. 1 at 10. The Rocques' subsequent counterclaim also included a jury trial demand. However, on June 16, 2020, the Rocques changed course and

filed a two-sentence document purporting to be a "waiver of jury." ECF No. 83 at 1. Zetty hotly contests the Rocques' authority to unilaterally waive a jury trial at this stage of the litigation. A hearing on all pending motions was held on October 29, 2020.

In their written submissions, the Rocques initially contended that they were empowered to unilaterally waive and, therefore, prevent the holding of a jury trial in this action because (1) they did not need Zetty's consent to waive their right to a jury trial, (2) their initial jury trial demand in their complaint was never properly made as it failed to conform to the District of Maine's Local Rules, (3) Zetty should be treated as having consented to the withdrawal of the jury demand when it objected to the Rocques' invocation of diversity jurisdiction, and (4) Zetty waived its jury trial right when it invoked admiralty jurisdiction in its counterclaim. In a later filing, the Rocques moved to amend their complaint to drop their jury trial demand and add a specific Rule 9(h) admiralty designation to the complaint. In doing so, the Rocques argued that their initial complaint implicitly invoked the Court's admiralty jurisdiction and that this had the effect of rendering the complaint's jury trial demand superfluous.

Zetty argues that because the Rocques' complaint based jurisdiction on diversity of citizenship, it necessarily gave rise to Seventh Amendment jury trial rights for both parties. Zetty contends that it was entitled to rely upon the Rocques' initial jury demand, and that it was not required to make its own jury trial demand in its counterclaim to preserve its right to a jury trial. And, as a belt and suspenders

added step, Zetty has also filed a motion to amend its counterclaim to invoke this Court's supplemental jurisdiction along with a corresponding motion for a jury trial on its counterclaim. *See* ECF No. 95, 96.

## II. DISCUSSION

### A. Zetty Was Entitled to Rely on the Jury Trial Demand Made in the Rocques' Complaint

"The Seventh Amendment provides that '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'" *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting U.S. Const. amend. VII). The Federal Rules of Civil Procedure govern the steps a party must take to demand a jury trial. Federal Rule of Civil Procedure 38(b) allows a party to demand a jury trial "[o]n any issue triable of right by a jury," by "serving the other parties with a written demand—which may be included in a pleading" and "filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). If a party's demand is not "properly served and filed," its right to a jury trial is waived. Fed. R. Civ. P. 38(d). However, once a jury trial demand is properly served and filed, it "may be withdrawn only if the parties consent." *Id.* Therefore, if the Rocques made a proper jury trial demand in their complaint, Zetty was entitled to rely on that demand and was not required to make a demand of its own. The Rocques argue that their complaint does not meet the requirements of Rule 38 for two reasons, neither of which is persuasive.

First, the Rocques argue that their jury trial demand was not "properly served and filed," Fed. R. Civ. P. 38(d), because it failed to adhere to District of Maine Local

Rule 38 which requires a pleading that demands a jury trial to "include the words 'AND DEMAND FOR JURY TRIAL' or the equivalent on the first page." D. Me. Loc. R. 38. Although the Rocques' complaint contained a clearly stated jury trial demand on its tenth page, the language required by Local Rule 38 does not appear on the first page.

Although the complaint did not comply with Local Rule 38, it did satisfy the requirements of Federal Rule 38, which, as noted above, requires only service upon the other parties with a written demand and proper filing.[1] *See* ECF No. 41 at 2; *see also Solis v. Cty. of Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008) ("When a party properly files a jury demand under the requirements of [Federal] Rule 38(b), he has satisfied all that is required by the Rules to avoid waiver . . . ."). "The failure to make the notation in the title of the pleadings is a minor deviation from the form of the pleading required by the local rules; it does not affect the substance of the demand itself." *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981). Here the complaint's noncompliance with Local Rule 38, when viewed in the context of the Federal Rule and the constitutional right it preserves, is no more than a minor deviation. The Rocques are hard pressed to suggest that they were prejudiced by their own alleged failure to comply with Local Rule 38, and they offer no cogent reason why a failure to perfectly comply with Local Rule 38's requirement should be treated, without more,

---

[1] Moreover, the Court was well-aware of the Rocques' jury demand, as it placed the case on the April 2019 civil trial list and noted that it was a jury trial. The Rocques did not object to the placement of the case on the jury trial list.

as resulting in a party forfeiting the right to a jury trial guaranteed by the Seventh Amendment.

The Rocques' second argument is not any more persuasive. They contend that their initial complaint never made a jury trial demand on an "issue triable of right by a jury," Fed. R. Civ. P. 38(b), so that the jury trial demand was, in effect, a non sequitur. The Rocques point to Fed. R. Civ. P. 38(e), which states that Rule 38 "do[es] not create a right to a jury trial in a claim that is an admiralty or maritime claim under Rule 9(h)." Rule 9(h) provides that "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of [Rule 38(e)] . . . . A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." Based on the foregoing, the Rocques reason that their "claims as pleaded are cognizable only in admiralty" because nearly all of them "either specifically reference 'under the General Maritime Law' or have recognized maritime stature.'" ECF No. 97 at 4 n.1.

Contrary to the Rocques' argument, a claim is "cognizable only in admiralty" only where either "admiralty jurisdiction is exclusive or . . . no nonmaritime ground of federal jurisdiction exists." Fed. R. Civ. P. 9 advisory committee's note to 1966 amendment. "Many claims, however, are cognizable by the district courts whether asserted in admiralty or in a civil action, assuming the existence of a nonmaritime ground of jurisdiction." *Id.* The advisory committee notes to Rule 9 specifically

6

recognize the "important procedural consequence[]" that "in the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial." *Id.*

Here, the Rocques' complaint plainly made claims supporting the existence of a nonmaritime ground of federal jurisdiction. The complaint includes multiple counts sounding in negligence, breach of contract, and fraud. Most, if not all, are cognizable by this Court as nonmaritime civil claims under diversity jurisdiction. And, contrary to the Rocques' assertions, even those claims that are specifically brought "under maritime law" may be brought as a civil action as well. *See, e.g., Sea-Land Serv., Inc. v. J & W Imp./Exp., Inc.*, 976 F. Supp. 327, 329 (D.N.J. 1997) ("Thus, a plaintiff who sues for breach of a maritime contract has two options: (1) invoke the federal courts' original jurisdiction over admiralty and maritime claims; (2) sue under the 'saving to suitors' clause in state court or in a United States district court." (quoting 28 U.S.C. § 1333(1)).

Because the Rocques' complaint invoked this Court's diversity jurisdiction and made no explicit or implicit reference to admiralty or maritime jurisdiction under Rule 9(h), their complaint preserved the Seventh Amendment right to a jury trial for both parties and the Rocques cannot unilaterally waive that right.

**B.   Zetty's Answer and Counterclaim Did Not Waive Zetty's Right to a Jury Trial**

Federal Rule of Civil Procedure 39(a) provides that once a jury trial has been demanded under Rule 38, it must be tried by a jury unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record" or "the

7

court . . . finds that on some or all of [the] issues there is no federal right to a jury trial." Additionally, the First Circuit has concluded that a jury trial right may also be waived by conduct, such as when a party "active[ly] participat[es] both leading up to and during [a] bench trial." *CoxCom, Inc. v. Chaffee*, 536 F.3d 101, 111 (1st Cir. 2008).

The Rocques argue that Zetty waived its right to a jury trial because, in its answer to the Rocques' complaint, it responded to their invocation of diversity jurisdiction: "This is a statement of a legal conclusion to which no response is required. Denied to the extent necessary." ECF No. 7 at 1. However, this boilerplate response to the Rocques' invocation of diversity jurisdiction—which denies that invocation only "to the extent necessary"—does not meet the high bar required for a finding that a party has waived its jury trial right.

The Seventh Amendment right to a jury trial is "a basic and fundamental feature of our system of federal jurisprudence" which "should be jealously guarded by the courts." *Jacob v. City of New York*, 315 U.S. 752, 752-53 (1942). Because "the right to a jury trial is constitutionally protected[,] . . . casual waivers are not to be presumed." *García-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 645 (1st Cir. 2000). Zetty's general denial of the complaint's assertion of diversity jurisdiction preserved Zetty's right to challenge the facts asserted by the complaint in support of diversity jurisdiction, but neither explicitly nor implicitly expressed a desire to waive Zetty's opportunity for a jury trial should diversity jurisdiction exist.

The Rocques next argue that Zetty waived its right to a jury trial when it brought a counterclaim invoking Rule 9(h), and that the entire matter should be tried to a judge as a result. The Rocques argue that Zetty's Rule 9(h) election "converted this matter into a hybrid case" and that "in such hybrid situations where the facts are interwoven and related, there is all the more reason to have all the issues tried to the bench." ECF No. 85 at 8. Zetty agrees that all of the parties' claims should be tried to one factfinder. However, it argues that "[b]oth parties' claims should be tried to a jury." ECF No. 90 at 8.

The Rocques do not cite to any rule or case that supports the proposition that a defendant's Rule 9(h) admiralty designation in its counterclaim automatically waives the defendant's jury trial right in the entire action. Even where an admiralty claim has no jury trial right attached to it, if it is connected to another claim or claims arising from the same set of facts for which such a right does exist, the claims may be tried together before a jury. For instance, in *Fitzgerald v. U.S. Lines Co.*, the United States Supreme Court held that where a Jones Act claim (which carries a right to a jury trial) and a maintenance and cure claim (which is a traditional nonjury admiralty claim) were "based on a unitary set of circumstances," they should both be tried to a jury—"a time-honored institution in our jurisprudence." 374 U.S. 16, 18-21 (1963). As the Fifth Circuit has explained, "concerns of judicial economy and the fair administration of justice override the historic tradition of trying admiralty claims to the bench when the claims are closely related." *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011).

For the preceding reasons, Zetty's answer and counterclaim did not waive Zetty's right to a jury trial.

### C. The Rocques' Motion to Amend Their Complaint to Drop Their Jury Trial Demand and Add a Rule 9(h) Admiralty Designation

Relying on Fed. R. Civ. P. 15 and the principle that leave to amend should be freely granted, the Rocques seek to amend their complaint to add a Rule 9(h) admiralty designation and to drop their jury trial designation. They note that "[a] plaintiff's Rule 9(h) election is subject to the liberal standards for amending pleadings in Rule 15(a)(2)," ECF No. 92 at 2 (quoting *Luera*, 635 F.3d at 187), which states that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).

The Rocques' motion fails to recognize that their effort to amend their complaint is not only governed by the Rule 15 standard, but also by Rules 38 and 39, as previously discussed. *See Diotima Shipping Corp. v. Chase, Leavitt & Co.*, 102 F.R.D. 532, 534 (D. Me. 1984); *see also Abbott v. Bragdon*, 893 F. Supp. 99, 101 (D. Me. 1995). Here, the requirements of Rule 38 have not been met because Zetty has not consented to the Rocques' withdrawal of their effective jury trial demand, and the requirements of Rule 39 have not been met because Zetty has not stipulated to forego its right to a jury trial.

Moreover, even if governed solely by Rule 15's more liberal standard, the Rocques' motion to amend would still fail. "As a case progresses, . . . the burden on a plaintiff seeking to amend a complaint becomes more exacting. . . . Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good

cause' standard of [Fed. R. Civ. P. 16(b)]," which "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint." *Id.* (quoting *Resolution Tr. Co. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)). In other words, "the longer a plaintiff delays, the more likely the motion to amend will be denied." *Id.*

Here, the deadline for amending the pleadings expired more than two years ago. Although the Rocques contend that they were "not aware their jury waiver could or would be contested," ECF No. 92 at 3, this lack of awareness does not excuse their tardiness. The Rocques' motion to amend is therefore denied.

### D.   Zetty's Motion to Amend

As an added precaution to preserve its jury trial right, Zetty has filed a motion to amend its counterclaim to drop its reference to Rule 9(h) and 28 U.S.C. § 1331 and proceed under this Court's supplemental jurisdiction (ECF No. 95), as well as a corresponding Rule 39(b) motion for a jury trial on its amended counterclaim (ECF No. 96).

Because I have concluded that the Rocques may not unilaterally waive the jury trial and will, accordingly, grant Zetty's objection to the waiver of jury trial and deny the Rocques' motion to amend, this entire case will proceed to a trial before a jury. Zetty agreed at the hearing held on October 29, 2020 that, should I rule in its favor

regarding the Rocques' attempts to try this case to a judge, it would be unnecessary to address Zetty's motion to amend its counterclaim and corresponding motion for a jury trial. Accordingly, I deny these motions as moot.

### III.  CONCLUSION

For the reasons discussed above, Zetty's Objection to Waiver of Jury (ECF No. 84) is **GRANTED**, and the Rocques' Motion to Amend Pleadings (ECF No. 92) is **DENIED.** Zetty's Motion to Amend Counterclaim (ECF No. 95) and Rule 39(b) Motion for Jury Trial (ECF No. 96) are **DENIED AS MOOT.**

**SO ORDERED.**

**Dated:  January 15, 2021**

                                              **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**